# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

IN RE HEPARIN LIABILITY LITIGATION,

           Plaintiff,

-vs-                                            Case No. 2:10-mc-2-CEH-SPC

BAXTER HEALTHCARE CORPORATION,
ET.AL.,

           Defendant.
_____

## ORDER

      The matter comes before the Court on the Non-Party Lee Memorial Health Systems Motion to Quash Subpoena (Doc. # 1) filed on January 28, 2010. No response in opposition was filed by the Plaintiff.

      Pursuant to the Federal Rules, a subpoena shall be quashed and/or modified if it: fails to allow reasonable time for compliance; requires a nonparty to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person; requires the disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

      It is the person to whom a subpoena is directed who has standing to seek a motion to quash. Butterworth v. Jones Chemicals, Inc., 1993 WL 388645 *2 (M.D. Fla.); *See also* Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979) (holding that a motion to quash may only be brought by the witness; the parties do not have standing to bring a motion to quash on behalf of a witness). Thus, the Non-Party Lee Memorial Health Systems has standing to move the Court to quash the subpoena.

Jones Chemicals, Inc., 1993 WL 388645 at *2. Likewise, whether or not the subpoenas are overly burdensome on the non parties, is a matter for the non parties who were subpoenaed to address and not the Defendants.

The subpoena requests that Lee Memorial produce all documents that are related to all patients who were administered Heparin products while being treated at Lee Memorial from September 1, 2007 through May 30, 2008. Lee Memorial states the subpoena is over broad, too costly, violates HIPPA regulations regarding the privacy of an individuals medical records, and provided only three (3) days notice with which to comply with the production request.

Initially, Lee Memorial states it would cost Lee Memorial approximately $9112.50 to search out all of the Heparin invoices as well as an additional $400.00 in copying fees to comply with the subpoena. Lee Memorial also argues that the subpoena is not narrowly focused upon the Plaintiff in the case, Helen M. Idlette, who was allegedly treated at Lee Memorial with Heparin products. Idlette has litigation pending in the Northern District of Ohio, and the subpoena request is related to that litigation. The subpoena also encompasses everyone who was administered Heparin while being treated at Lee Memorial.

Lee Memorial's objections are well taken. The scope of the subpoena exceeds the scope of the parties involved in the Ohio litigation. In fact, the subpoena seeks all Heparin products administered by Lee Memorial whether it was supplied by Baxter Heparin, the Party involved in the Ohio litigation or another supplier. Thus, the subpoena is overbroad.

The subpoena requests protected medical information in violation of HIPPA. Even the Plaintiff Idlette failed to provide a signed release authorizing Lee Memorial to produce her medical records to her own counsel.

Moreover, the subpoena did not provide Lee Memorial sufficient time to provide a response

and produce the requested documents. The subpoena was issued on January 6, 2010, but was not mailed to Lee Memorial until January 21, 2010. Lee Memorial received the subpoena on January 26, 2010. The production was to be made by January 29, 2010. In effect giving Lee Memorial only three (3) days to complete a task that Lee Memorial states would take as many as thirty (30) days to complete.

Thus, after a review of the objections, the Court finds good cause to quash the subpoena. Accordingly, it is now

**ORDERED:**

The Non-Party Lee Memorial Health Systems Motion to Quash Subpoena (Doc. # 1) is **GRANTED**. The Subpoena issued by Counsel for the Plaintiff, Kurt Arnold, is hereby **QUASHED**.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record